## John S. Wilson, Defendant in Error, v. Samuel Storm, Plaintiff in Error.

1. EVIDENCE—*what incompetent in action to recover payment made in connection with proposed exchange of properties.* Conversations with respect to negotiations which preceded the actual trade agreed upon, are incompetent in such an action, and likewise evidence as to the actual value of the land involved in the trade.

2. CONTRACTS—*what does not justify refusal to perform.* A contract duly entered into without fraud or undue influence must be performed if valid even though its terms may not have been understood.

Error to the Circuit Court of Shelby county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed October 14, 1911.

BRYAN H. TIVNEN, for plaintiff in error.

W. C. & W. L. KELLEY and FRED E. LATCH, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

John S. Wilson was the owner of eighty acres of land in Shelby county encumbered by a mortgage of $3000. Samuel Storm was the owner of one hundred acres of land in the same county encumbered by two mortgages, one for $5500 and the other for $2000. After considerable bickering concerning a trade between these two men of the respective farms, a trade was finally consummated between them, the deeds were drawn up and examined by the parties, they were signed and acknowledged before a police magistrate, $500 was paid as part of the consideration for the trade from Wilson to Storm, and the deeds were left in the possession of Abercrombie, the justice of the peace, pending the time when the parties would meet for the exchange of deeds and the payment of the balance of the consideration. Before this time arrived, plaintiff Wilson conceived the idea that he had made a bad contract and that he was paying too much for the Storm land and finally upon their meeting declined to proceed further with the contract upon the terms expressed in the deeds; he then claimed they did not express his contract as he understood it. Defendant Storm demanded the completion and fulfillment of the contract and offered his deed to plaintiff upon the payment of the balance of the consideration. Plaintiff declined to make any further payment, refused to exchange deeds and demanded the repayment of the $500; this was refused and plaintiff then brought suit to recover the $500 paid to defendant on this contract. He recoverd a judgment against defendant, from which defendant Storm prosecutes this appeal.

The pleadings consist of the common counts, to which the plea of general issue was filed. The record discloses that plaintiff's contention in this transaction is that the farms were to be traded upon the basis that

there was no encumbrance on either farm, that the value of the land of plaintiff Wilson was $110 per acre, that the value of the land of defendant Storm was $130 per acre, and that it was on this basis that the trade was made and understood by him. Defendant on the other hand, insists that the farms were to be traded according to the contract expressed in the deed, that each was to assume all encumbrances on the other's land and that Wilson was to pay Storm $4,800 to boot.'' Plaintiff Wilson did his own figuring in reference to the trade with defendant, who first insisted that $5000 be paid to him, but they finally agreed on $4800. This contract was agreed upon at the home of defendant Storm and the contract as agreed upon at that time was afterwards reduced to writing by the execution of the deeds. Wilson read the deed executed by Storm before it was acknowledged before the justice of the peace and knew the contents of both deeds at the time they were delivered to the justice of the peace to be held pending the conclusion of the transaction.

All of the evidence permitted to be introduced by the trial court concerning former conversations, bickerings, and attempts to trade had between parties was incompetent and should not have been admitted. The court also improperly admitted evidence as to what was the value of these two farms. The actual value upon the market cannot in any way throw any light upon the transaction as to what the contract made between these two parties was.

The only basis upon which plaintiff seeks to recover is that he did not understand the contract which is contained in these deeds and did not understand it as executed and contends that each party was to pay the encumbrance on his own land and they were to be exchanged free of encumbrance. The pleadings do not set forth or allege any fraud or deceit on the part of defendant Storm; neither is there any proof of any

such acts upon his part, and the contention of plaintiff that the contract made is not expressed in these deeds is based almost wholly upon his own testimony. There is no evidence that any undue advantage was taken of plaintiff in the trade, but the record discloses that the trade was entered into fairly and that the contract as made is fairly and properly expressed in these deeds; the deed executed by plaintiff himself contains the provision that the farm was conveyed to Storm subject to an encumbrance of $3000 thereon and which encumbrance grantee in that deed, Storm, assumed and agreed to pay. That deed was drawn and executed by and at the request of the plaintiff and acknowledged by him with that provision in it, and his contention that the deed does not contain the contract and the conditions upon which this trade was made is unsupported by evidence in this record. There is nothing in the record to show that plaintiff was not fully capable and able to fully understand the trade that he made; the record shows that he did his own figuring and did use pencil and paper for the purpose of making his computations, and the fact that he made miscalculations thereon, if he did, or did not figure it correctly was through no fault of the defendant, and he cannot be held responsible therefor.

The jury arrived at their verdict in this case either through sympathy for the plaintiff or on account of the incompetent evidence admitted by the court. The judgment in this case is so clearly against the manifest weight of the evidence that it must be reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*